IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| JEFFREY WHITEHEAD, #N84560, | ) |
| Plaintiff, | ) |
| vs. | ) Case No. 19-cv-00943-NJR |
| SHAWNEE CORRECTIONAL CENTER, | ) |
| Defendant. | ) |

# MEMORANDUM AND ORDER

**ROSENSTENGEL, Chief Judge:**

Plaintiff Jeffrey Whitehead, an inmate of the Illinois Department of Corrections ("IDOC") who is currently incarcerated at Shawnee Correctional Center ("Shawnee"), brings this civil rights action *pro se* pursuant to 42 U.S.C. § 1983. (Doc. 1, pp. 1-34). Plaintiff claims that he was denied medical treatment for injuries he sustained by falling from an unsecured step box at Shawnee on September 21, 2018. (*Id.* at p. 18). Although he filed grievances seeking repair of the step box and compensation for the delay in diagnosing and treating his injuries, Plaintiff's request for compensation was denied. (*Id.*). He now seeks monetary relief from the prison. (*Id.* at p. 34).

The Complaint is before the Court for preliminary review pursuant to 28 U.S.C. § 1915A. Under Section 1915A, the Court is required to screen prisoner complaints to filter out non-meritorious claims. 28 U.S.C. § 1915A(a). Any portion of a complaint that is legally frivolous, malicious, fails to state a claim upon which relief may be granted, or asks for money damages from a defendant who by law is immune from such relief must be dismissed. 28 U.S.C. § 1915A(b). At this juncture, the factual allegations of the *pro se* Complaint are to be liberally construed. *Rodriguez v. Plymouth Ambulance Serv.*, 577 F.3d 816, 821 (7th Cir. 2009).

Based on the allegations, the Court finds it convenient to designate a single count in the *pro se* Complaint:

> **Count 1:** Eighth Amendment claim against Defendant Shawnee Correctional Center for delaying Plaintiff's medical treatment for injuries he sustained when he fell from an unsecured step box on September 21, 2018.

The parties and the Court will use this designation in all future pleadings and orders, unless otherwise directed by this Court. **Any claim in the Complaint that is not addressed herein should be considered dismissed without prejudice as inadequately pled under *Twombly*.**[1]

Count 1 does not survive preliminary review. Plaintiff names a single defendant in connection with the claim: Shawnee Correctional Center. The prison is not a "person" subject to a suit for money damages under Section 1983. *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71 (1989). The Eleventh Amendment bars suits against states in federal court for money damages. *Wynn v. Southward*, 251 F.3d 588, 592 (7th Cir. 2001). The Supreme Court has held that "neither a State nor its officials acting in their official capacities are 'persons' under § 1983." *Will*, 491 U.S. at 71. The IDOC is immune from suit by virtue of the Eleventh Amendment. *Billman v. Ind. Dep't of Corr.*, 56 F.3d 785, 788 (7th Cir. 1995). And, as a division of the IDOC, Shawnee is likewise immune. Count 1 shall therefore be dismissed with prejudice against the prison.

But even if Plaintiff named a person, such as the prison warden, as a defendant, he would have fared no better. There is no *respondeat superior* liability in a Section 1983 action. *Sanville v. McCaughtry*, 266 F.3d 724, 740 (7th Cir. 2001) (quoting *Chavez v. Ill. State Police*, 251 F.3d 612, 651 (7th Cir. 2001)). To be held individually liable, a defendant must be "'personally responsible for the deprivation of a constitutional right.'" *Id*. Therefore, Plaintiff must name those individuals

---

[1] *See Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007) (an action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face").

who were responsible for the delay or denial of medical care as defendants in the case caption and also set forth allegations describing what each defendant did, or failed to do, to deprive him of a constitutional right. Plaintiff's Complaint and exhibits mention the names of several individuals who may have been responsible for delaying or denying him necessary medical care, but Plaintiff decided not to name them as defendants. When parties are not listed in the caption, this Court will not treat them as defendants, and any claims against them should be considered dismissed without prejudice. *See* FED. R. CIV. P. 10(a) (noting that the title of the complaint "must name all the parties"); *Myles v. United States*, 416 F.3d 551, 551-52 (7th Cir. 2005) (holding that to be properly considered a party, a defendant must be "specif[ied] in the caption"). All claims against these non-parties should be considered dismissed without prejudice.

For these reasons, Plaintiff's Complaint shall be dismissed without prejudice. Plaintiff will have an opportunity to file a First Amended Complaint, if he wishes to proceed with this matter. If he chooses to do so, Plaintiff must comply with the deadline and instructions set forth below.

## Disposition

**IT IS ORDERED** that the Complaint (Doc. 1) is **DISMISSED** without prejudice for failure to state a claim upon which relief may be granted.

**IT IS ORDERED** that **COUNT 1** is **DISMISSED** with prejudice against Defendant **SHAWNEE CORRECTIONAL CENTER**, and the Clerk of Court is **DIRECTED** to **TERMINATE** this defendant as a party in the Case Management/Electronic Case Filing ("CM/ECF") system.

Plaintiff is **GRANTED** leave to file a First Amended Complaint on or before **November 29, 2019**. The First Amended Complaint is subject to review under 28 U.S.C. § 1915A.

It is strongly recommended that Plaintiff use the civil rights complaint form designed for

use in this District. He should label the form "First Amended Complaint" and use the case number for this action (No. 19-cv-00943-NJR). To enable Plaintiff to comply with this Order, the **CLERK** is **DIRECTED** to mail Plaintiff a blank civil rights complaint form. An amended complaint generally supersedes and replaces the original complaint, rendering the original complaint void. *See Flannery v. Recording Indus. Ass'n of Am.*, 354 F.3d 632, 638 n. 1 (7th Cir. 2004). The First Amended Complaint must stand on its own without reference to any previous pleading. Plaintiff must re-file any exhibits he wishes the Court to consider.

Should Plaintiff fail to file a First Amended Complaint within the allotted time or consistent with the instructions in this Order, the entire case shall be dismissed with prejudice for failure to comply with a court order and/or prosecute his claims. FED. R. CIV. P. 41(b); *Ladien v. Astrachan*, 128 F.3d 1051 (7th Cir. 1997); 28 U.S.C. § 1915(e)(2). The dismissal shall also count as one of Plaintiff's three allotted "strikes" under 28 U.S.C. § 1915(g).

Finally, Plaintiff is **ADVISED** that he is under a continuing obligation to keep the Clerk of Court and each opposing party informed of any change in his address; the Court will not independently investigate his whereabouts. This shall be done in writing and not later than **7 days** after a transfer or other change in address occurs. Failure to comply with this Order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution. *See* FED. R. CIV. P. 41(b).

**IT IS SO ORDERED.**
**DATED:  October 28, 2019**

_____
**NANCY J. ROSENSTENGEL**
**Chief U.S. District Judge**