# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| JEFFREY WHITEHEAD, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. 19-cv-943-NJR |
| ) | |
| M. HILLE, T. GRISSOM, K. SMOOT, ) | |
| DOCTOR DAVID, NURSE HILLARY, ) | |
| KASSANDRA FREEMAN, and DEBBIE ) | |
| PERKINS, ) | |
| ) | |
| Defendants. ) | |

## MEMORANDUM AND ORDER

**ROSENSTENGEL, Chief Judge:**

Plaintiff Jeffrey Whitehead, an inmate of the Illinois Department of Corrections ("IDOC") who is currently incarcerated at Dixon Correctional Center, brings this action pursuant to 42 U.S.C. § 1983 for deprivations of his constitutional rights while he was housed at Shawnee Correctional Center ("Shawnee"). Plaintiff's original Complaint was dismissed without prejudice for failure to state a claim, but he was granted leave to file an Amended Complaint. In the Amended Complaint, Plaintiff alleges the defendants were deliberately indifferent in failing to fix an unsecured wooden box which caused Plaintiff injuries and were deliberately indifferent in treating those injuries. He asserts claims against the defendants under the Eighth Amendment. Plaintiff seeks monetary damages.

This case is now before the Court for preliminary review of the Amended Complaint pursuant to 28 U.S.C. § 1915A. Under Section 1915A, the Court is required to screen prisoner complaints to filter out non-meritorious claims. *See* 28 U.S.C. § 1915A(a). Any portion of a complaint that is legally frivolous, malicious, fails to state a claim upon which relief may be

1

granted, or asks for money damages from a defendant who by law is immune from such relief must be dismissed. 28 U.S.C. § 1915A(b).

## The Amended Complaint

Plaintiff makes the following allegations in the Amended Complaint: On September 21, 2018, Plaintiff stepped up on a box step in the housing unit to retrieve his mail from the delivery window (Doc. 5, p. 16). The box was unsecured and it slid out from underneath him, causing Plaintiff's arm to catch in the delivery window, breaking his arm. Plaintiff alleges that M. Hille and T. Grissom should have identified the hazard and repaired it before his injury. Plaintiff wrote a grievance about the unsecured box after his injury.

After receiving the injury, Plaintiff was sent to the healthcare unit. Over the course of the next three days, Plaintiff saw Nurse Hillary, Kassandra Freeman, and Debbie Perkins (Doc. 1, p. 17). It is not clear from the Amended Complaint whether they treated Plaintiff, but Plaintiff alleges that he was not referred to Dr. David until after those three days (*Id.*). Dr. David examined Plaintiff and ordered x-rays which showed a broken arm. Dr. David and K. Smoot then referred Plaintiff to a specialist on September 28, 2018 (*Id.*). After consultation with the specialist and additional x-rays, Plaintiff had surgery for his broken arm on October 13, 2018. The surgery required a permanent steel plate and screws placed in his arm.

## Discussion

Based on the allegations in the Amended Complaint, the Court finds it convenient to divide the *pro se* action into the following two counts:

**Count 1:** **M. Hille and T. Grissom were deliberately indifferent under the Eighth Amendment for failing to fix the unsecured box.**

**Count 2:** **Nurse Hillary, Debbie Perkins, Kassandra Freeman, Dr. David, and K. Smoot were deliberately indifferent under the Eighth Amendment in treating Plaintiff's broken arm.**

The parties and the Court will use these designations in all future pleadings and orders, unless otherwise directed by a judicial officer of this Court. **Any other claim that is mentioned in the Amended Complaint but not addressed in this Order should be considered dismissed without prejudice as inadequately pled under the *Twombly* pleading standard.**[1]

### Count 1

Plaintiff fails to state a claim for deliberate indifference in Count 1. Although Plaintiff alleges that the box was unsecured, he fails to allege that M. Hille or T. Grissom had knowledge that the box was unsecured or that it would slip out from under an inmate. Plaintiff alleges that he wrote a grievance about the unsecured box but only after he fell. There is no indication in the Amended Complaint that the defendants were aware of the hazard posed by the box prior to Plaintiff's injuries. *Delaney v. DeTella*, 256 F.3d 679, 685 (7th Cir. 2001) ("in determining whether prison officials had knowledge of the potential harm, we consider whether the circumstances suggest that the defendant-official being sued had been exposed to information concerning the risk and thus must have known about it") (internal quotations omitted). Accordingly, Count 1 is **DISMISSED without prejudice**.

### Count 2

At this stage, the allegations in Plaintiff's Amended Complaint state a claim for deliberate indifference as to Nurse Hillary, Debbie Perkin, and Kassandra Freeman because Plaintiff alleges that they were made aware of his injury, but he was delayed in seeing the doctor by at least three days. *Estelle v. Gamble*, 429 U.S. 97, 104 (1976); *Chatham v. Davis*, 839 F.3d 679, 684 (7th Cir. 2016); *Gomez v. Randle*, 680 F.3d 859, 865 (7th Cir. 2012) (delay in treatment).

---

[1] *See Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007) (an action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face").

Plaintiff fails, however, to state a claim against Dr. David and K. Smoot. There is no indication in the Amended Complaint that they delayed his treatment. To the contrary, once Plaintiff saw Dr. David, he ordered x-rays, determined that Plaintiff's arm was broken, and scheduled him to be seen by a specialist. Similarly, K. Smoot also scheduled Plaintiff to be seen by a specialist who Plaintiff saw a short time later. Accordingly, Dr. David and K. Smoot are **DISMISSED without prejudice**.

## Pending Motions

As to Plaintiff's motion for counsel (Doc. 6), Plaintiff states that he has written a number of attorneys who have declined to take his case. Given the early stage of the litigation, however, it is difficult to accurately evaluate the need for the assistance of counsel. *See Kadamovas v. Stevens*, 706 F.3d 843, 845 (7th Cir. 2013) ("[U]ntil the defendants respond to the complaint, the plaintiff's need for assistance of counsel ... cannot be gauged.").[2] Further, counsel is not needed at this time because the defendants have not yet been served and a discovery schedule has not been entered. Thus, Plaintiff's motion for counsel (Doc. 6) is **DENIED** without prejudice. Plaintiff may renew his request for the recruitment of counsel at a later date.

## Disposition

For the reasons stated above, Count 1 is **DISMISSED without prejudice** as to M. Hille and T. Grissom. Count 2 shall proceed against Nurse Hillary, Kassandra Freeman, and Debbie Perkins, but is **DISMISSED without prejudice** as to Dr. David and K. Smoot. The Clerk is **DIRECTED** to **TERMINATE** M. Hille, T. Grissom, Dr. David, and K. Smoot from the docket.

---

[2] In evaluating the motion for counsel, the Court applies the factors discussed in *Pruitt v. Mote*, 503 F.3d 647, 654 (7th Cir. 2007), and related authority.

The Clerk of Court shall prepare for Defendants Nurse Hillary, Kassandra Freeman, and Debbie Perkins: (1) Form 5 (Notice of a Lawsuit and Request to Waive Service of a Summons), and (2) Form 6 (Waiver of Service of Summons). The Clerk is **DIRECTED** to mail these forms, a copy of the Amended Complaint, and this Memorandum and Order to the defendants' place of employment as identified by Plaintiff. If a defendant fails to sign and return the Waiver of Service of Summons (Form 6) to the Clerk within 30 days from the date the forms were sent, the Clerk shall take appropriate steps to effect formal service on that defendant, and the Court will require that defendant to pay the full costs of formal service, to the extent authorized by the Federal Rules of Civil Procedure.

If a defendant can no longer be found at the work address provided by Plaintiff, the employer shall furnish the Clerk with the defendant's current work address, or, if not known, defendant's last-known address. This information shall be used only for sending the forms as directed above or for formally effecting service. Any documentation of the address shall be retained only by the Clerk. Address information shall not be maintained in the court file or disclosed by the Clerk.

Defendants are **ORDERED** to timely file an appropriate responsive pleading to the Amended Complaint and shall not waive filing a reply pursuant to 42 U.S.C. Section 1997e(g). **Pursuant to Administrative Order No. 244, Defendants need only respond to the issues stated in this Merit Review Order**.

If judgment is rendered against Plaintiff, and the judgment includes the payment of costs under Section 1915, Plaintiff will be required to pay the full amount of the costs, regardless of whether his application to proceed *in forma pauperis* is granted. *See* 28 U.S.C. § 1915(f)(2)(A).

Finally, Plaintiff is **ADVISED** that he is under a continuing obligation to keep the Clerk of Court and each opposing party informed of any change in his address; the Court will not independently investigate his whereabouts. This shall be done in writing and not later than **7 days** after a transfer or other change in address occurs. Failure to comply with this order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution. *See* Fed. R. Civ. P. 41(b).

**IT IS SO ORDERED.**

**DATED:  1/16/2020**

_____
**NANCY J. ROSENSTENGEL
Chief U.S. District Judge**

## Notice to Plaintiff

The Court will take the necessary steps to notify the appropriate defendants of your lawsuit and serve them with a copy of your Amended Complaint. After service has been achieved, the defendants will enter their appearance and file an Answer to your Amended Complaint. It will likely take at least **60 days** from the date of this Order to receive the defendants' Answer, but it is entirely possible that it will take **90 days** or more. When all the defendants have filed Answers, the Court will enter a Scheduling Order containing important information on deadlines, discovery, and procedures. Plaintiff is advised to wait until counsel has appeared for the defendants before filing any motions, to give the defendants notice and an opportunity to respond to those motions. Motions filed before defendants' counsel has filed an appearance will generally be denied as premature. **Plaintiff need not submit any evidence to the Court at this time, unless specifically directed to do so.**