IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| **JEFFREY WHITEHEAD,** ) | |
| ) | |
|    **Plaintiff,** ) | |
| ) | |
| **v.** ) | **Case No. 19-cv-943 RJD** |
| ) | |
| **NURSE HILLARY, KASSANDRA** ) | |
| **FREEMAN, and DEBBIE PERKINS** ) | |
| ) | |
|    **Defendants.** ) | |

**ORDER**

**DALY, Magistrate Judge:**

This matter comes before the Court on Defendants' Motion to Set Aside Default (Doc. 28), filed on June 24, 2020. Plaintiff did not file a Response. This matter also comes before the Court on Plaintiff's Motion for Default Judgment (Doc. 22). Defendants filed a Response (Doc. 25) and Plaintiff filed a Reply (Doc. 26) to Defendant's Response. For the reasons set forth below, Defendants' Motion to Set Aside Default is **GRANTED** and Plaintiff's Motion for Default Judgment is **DENIED**.

Plaintiff, currently incarcerated at Dixon Correctional Center, filed this cause of action pursuant to 42 U.S.C §1983. Plaintiff alleges that Defendants were deliberately indifferent to his broken arm at Shawnee Correctional Center. The Court sent waivers of service to Defendants on January 6, 2020. The Court received waivers of service executed by Defendants on January 16, 2020, making their answers due on March 16, 2020. No answers were filed.

On May 27, 2020, the Court ordered the Clerk to make an Entry of Default against all three Defendants and ordered Plaintiff to file a Motion for Default on or before June 17, 2020.   On May

28, 2020, the Clerk made an Entry of Default against Defendants. On that same day, but after the Clerk made the Entry of Default, Defendants filed a Motion for Leave to Answer. On June 4, 2020, Plaintiff filed a Motion for Default, and Defendants responded on June 5, 2020. The Court denied Defendants' Motion for Leave to File Answer on June 24, 2020, as there was an Entry of Default against the defendants. Later that day, Defendants filed their Motion to Set Aside Default.

In order to vacate an entry of default, the moving party must show: "(1) good cause for the default; (2) quick action to correct it; and (3) a meritorious defense to the complaint." *Cracco v. Vitran Express., Inc.*, 559 F.3d 625, 630-31 (7th Cir. 2009) (internal quotations omitted). The Court views these elements in a lenient manner. *Id.* at 631. The Seventh Circuit favors a trial on the merits versus a default. *Sun v. Bd. of Trustees of Univ. of IL*, 473 F.3d 799, 811(7th Cir. 2007). In support of their Motion to Set Aside Entry of Default, Defendants represent to the Court that their case was not timely assigned to defense counsel because of an undetermined administrative error. Counsel entered for Defendants the day after the Court ordered the Clerk to make an Entry of Default. Defendants filed the instant motion on the same day that the Court denied their Motion for Leave to Answer. Accordingly, Defendants have established good cause for the default and quick action to correct it.

Defendants further contend that they have a meritorious defense to Plaintiff's claims in that they were not deliberately indifferent to Plaintiff's medical condition. Because a trial on the merits is favored, and because there is a lenient standard for vacating an Entry of Default, Defendants' Motion to Set Aside Default is **GRANTED**. The Clerk's Entry of Default is hereby **VACATED**. Defendants are **ORDERED** to file their answer to Plaintiff's complaint by **July 20, 2020**. In light of this Order, Plaintiff's Motion for Default Judgment (Doc. 31) is **DENIED AS MOOT**.

**IT IS SO ORDERED.**

**DATED:   July 13, 2020**

*s/ Reona J. Daly*

**Hon. Reona J. Daly
United States Magistrate Judge**